IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MICHAEL P.[1],

       Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

       Defendant.

No. 3:18-cv-00017-HZ

OPINION & ORDER

Merrill Schneider
SCHNEIDER KERR & ROBICHAUX
P.O. Box 14490
Portland, Oregon 97293

    Attorney for Plaintiff

/ / /

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

1 - OPINION & ORDER

Billy J. Williams
UNITED STATES ATTORNEY
Renata Gowie
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Thomas M. Elsberry
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-7075

    Attorney for Defendant

HERNANDEZ, District Judge:

Plaintiff Michael P. brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits (DIB).[2] I reverse the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB on December 2, 2013[3], alleging an onset date of June 1, 2006. Tr. 245-48. His application was denied initially and on reconsideration. Tr. 75, 77-85, 132-36 (Initial); Tr. 97, 99-109, 147-49 (Recon.). On February 29, 2016, Plaintiff appeared for a hearing before an Administrative Law Judge (ALJ). Tr. 69-74. He was not represented by counsel. *Id.* No substantive testimony was provided at the hearing, which was reset to allow Plaintiff to obtain representation. *Id.* On July 15, 2016, Plaintiff again appeared for a hearing and this time he was represented by counsel. Tr. 36-68. On August 30, 2016, the ALJ found Plaintiff not

---

[2] Plaintiff filed claims for both DIB and supplemental security income (SSI). Only the DIB claim is at issue in this appeal.

[3] The ALJ explained that Plaintiff's protected filing date was November 12, 2013. Tr. 19.

2 - OPINION & ORDER

disabled on his DIB claim. Tr. 15-35. The Appeals Council denied review. Tr. 1-5.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on having epilepsy, anxiety, memory impairment, coordination issues, persistent twitch, and severe depression. Tr. 265. At the time of the July 2016 hearing, he was sixty-four years old. Tr. 245 (showing date of birth). He has one year of college and has past work experience as a carpenter, cleaner, and metal collector. Tr. 266.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(a).

Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether plaintiff's impairments, singly or in

3 - OPINION & ORDER

combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. Tr. 21. Next, at steps two and three, the ALJ determined that Plaintiff has severe impairments of degenerative disc disease of the lumbar spine, degenerative joint disease of the right knee, epilepsy, and lumbar radiculopathy, but that the impairments did not meet or equal, either singly or in combination, a listed impairment. Tr. 21-23.

At step four, the ALJ concluded that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except he was limited as follows: (1) he could lift, carry,

push, and pull twenty pounds occasionally and ten pounds frequently; (2) he could stand and walk six hours out of eight and sit six hours out of eight; (3) he could frequently reach bilaterally; (4) he could never climb ladders, ropes, or scaffolds; (5) he could occasionally stoop and crawl; (6) he could have no exposure to unprotected heights or moving mechanical parts; and (7) he could not operate a motor vehicle at work. Tr. 23. With this RFC, the ALJ determined that Plaintiff is unable to perform any of his past relevant work. Tr. 28. However, at step five, the ALJ determined that Plaintiff is able to perform jobs that exist in significant numbers in the economy such as laundry folder, hand packager, and shipping/receiving weigher. Tr. 29. Although the ALJ determined that Plaintiff was disabled as of November 13, 2013, he determined that Plaintiff was not disabled as of his date of last insured, June 30, 2006, and thus, was not disabled for the purposes of his DIB claim. Tr. 28-30.

STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149,

1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's.") (internal quotation marks omitted).

DISCUSSION

Plaintiff raises a single issue in this appeal: did the ALJ properly consider his borderline age in reaching his step five conclusion that Plaintiff was not disabled as of June 30, 2006, his date of last insured?

At step five of the sequential analysis, the Commissioner bears the burden of showing that, considering the claimant's RFC, age, education, and work experience, the claimant can perform other work that exists in significant numbers in the national economy. *E.g.*, *Dominguez v. Colvin*, 808 F.3d 403, 405 (9th Cir. 2015). The Commissioner can meet this burden by relying on the testimony of a vocational expert (VE) or by referring to the Medical-Vocational Guidelines ("the grids") at 20 C.F.R. Pt. 404, Subpt. P, App. 2. *Lockwood v. Comm'r*, 616 F.3d 1068, 1071 (9th Cir. 2010).

The grids segregate claimants into three age categories: (1) younger persons who are under age 50; (2) persons "closely approaching advanced age" who are ages 50 to 54; and (3) persons of "advanced age" who are age 55 or older. 20 C.F.R. § 404.1563(c)-(e). The agency "will use each of the age categories that applies to you during the period for which we must determine if you are disabled." 20 C.F.R. § 404.1563(b). However, it "will not apply the age categories mechanically in a borderline situation." *Id.* Instead, if the claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case." *Id.*

6 - OPINION & ORDER

There is no dispute that as of June 30, 2006, Plaintiff was fifty-four years old and thus, in the "closely approaching advanced age" category. There is also no dispute that he was six months away from turning fifty-five, meaning six months after his date of last insured he would have been in the "advanced age" category. There is also no dispute that under the ALJ's RFC in this case, and considering the other relevant factors, had the ALJ chosen to assess Plaintiff's claim with him in the advanced age category, he would have been determined disabled under the grids. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.06. Finally, Plaintiff notes that the Hearings, Appeals and Litigation Law manual (HALLEX) indicates that the Commissioner considers a "borderline situation" of "a few days to a few months" to mean "a period not to exceed six months." Pl.s' Op. Brief 7, ECF 12 (quoting HALLEX 1-2-2-42).

*Lockwood* addressed a similar argument to the one Plaintiff brings here. In that case, the Ninth Circuit explained that § 404.1563 makes clear that an ALJ "is not *required* to use an older age category, even if the claimant is within a few days or a few months of reaching an older age category." *Lockwood*, 616 F.3d at 1071. Consistent with *Lockwood*, Plaintiff does not argue that the ALJ was *required* to use the advanced age category.

*Lockwood* held that to comply with the regulation, the ALJ had to *consider* whether to use an older age category. *Id.* Departing from holdings reached by other circuits, *Lockwood* concluded that consideration of the older age category did not require an explanation. *Id.* at 1069 (ALJ did not err in failing to explain in written decision why she treated a claimant as a person closely approaching advanced age instead of treating the claimant as being a person of advanced age because the ALJ "was required by regulation only to consider whether to use the older age category"); *see also Moody v. Berryhill*, 245 F. Supp. 3d 1028, 1034 (C.D. Ill. 2017) (observing

that the Third and Tenth Circuits have held that "an ALJ must show in his decision that he has performed the analysis required in a borderline age situation" but that the Sixth, Ninth, and Eleventh Circuits have "declined to require ALJs to explain their borderline age determination because nothing in § 404.1563's language obligates an ALJ to address a claimant's borderline age situation in his opinion or explain his thought process in arriving at a particular category) (internal quotation marks omitted).

In *Lockwood*, the court determined that the ALJ met the obligation to "consider" using the older age category by (1) mentioning the claimant's date of birth in her decision when she found that the claimant was 54 years old and thus, was a person closely approaching advanced age; (2) citing to § 404.1563; and (3) relying on the testimony of a VE showing she "evaluated the overall impact of all the factors" of the claimant's case. *Id.* at 1071-72 (brackets omitted). Plaintiff here argues that the ALJ failed to meet *Lockwood*'s requirement of considering his borderline age. Defendant disagrees.

In his decision at step five, the ALJ stated that "[t]hrough the date last insured [June 30, 2016], the claimant was an individual closely approaching advanced age. As of the established onset date, November 12, 2013, the claimant's age category was individual closely approaching retirement age (20 CFR 404.1563 and 416.963)." Tr. 28. In assessing transferability of job skills, the ALJ noted that transferability of job skills was not material to the disability determination because using the grids as a framework, claimant would be "not disabled" whether he had transferable job skills or not. *Id.* He then went on explain that "[s]kills would not transfer because transferability for an individual in the claimant's age category requires very little, if any, vocational adjustment in terms of tools, work processes, work, settings, or the industry." Tr. 29.

Then, in analyzing whether Plaintiff could perform other work in significant numbers in the national economy, the ALJ found that "[t]hrough the date of last insured, considering the claimant's age, education, work experience, and [RFC]," there were jobs available. *Id.* In explaining this finding, the ALJ noted that under grid § 202.14, Plaintiff would be considered not disabled if he were able to perform a full range of light work. *Id.* Because Plaintiff had additional limitations, however, the ALJ relied on the VE testimony to determine the extent to which these limitations "eroded the unskilled light occupational base[.]" *Id.* The ALJ described that he had asked the VE whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and RFC. *Id.* Relying on the VE testimony, the ALJ concluded that before the alleged onset date, Plaintiff was capable of making a "successful adjustment to other work that existed in significant numbers in the national economy." *Id.* Thus, before November 12, 2013, he was not disabled. Tr. 29-30. Continuing, he concluded that as of November 12, 2013, the protective filing date, based on Plaintiff's age, education, work experience, and RFC, there were no jobs that exist in significant numbers that Plaintiff could perform. Tr. 30.

Plaintiff argues that because the ALJ here failed to ever mention Plaintiff's date of birth, this case is distinguishable from *Lockwood*. Because the ALJ mentioned only that Plaintiff was an individual closely approaching advanced age through the date of last insured without mentioning his date of birth or his actual age, Plaintiff argues that it is not clear that he considered whether to use the older age category. Defendant observes that although the ALJ did not mention Plaintiff's exact date of birth, he specifically stated three times that he was considering Plaintiff's age. This, Defendant argues, shows that the ALJ "repeatedly made it clear

that his decision was made with consideration given to the claimant's age." Def's Brief 4, ECF 13. Defendant also notes that in *Lockwood*, the court cited the ALJ's reference to the claimant's date of birth as only one of three reasons showing that the ALJ had considered the clamant's borderline age. Thus, Defendant suggests, the failure to mention the date of birth is not determinative. With the other two factors present in the ALJ's decision, Defendant argues that the Court can conclude that the ALJ gave consideration to Plaintiff's age.

Although *Lockwood* imposes only a minimal burden of "consideration" to satisfy § 404.1563(b), the ALJ's decision here does not meet *Lockwood*'s requirements. Defendant is correct that as in *Lockwood*, the ALJ here cited to § 404.1563, and as in *Lockwood*, the ALJ relied on VE testimony. But, in contrast to *Lockwood* where the ALJ mentioned the claimant's date of birth in her decision, the ALJ here did not. And, in contrast to *Lockwood* where the ALJ mentioned the claimant's age, the ALJ here did not. The ALJ's statement that Plaintiff was an "individual closely approaching advanced age," and his references to Plaintiff's "age category" and "age" suggest he knew that Plaintiff was fifty-four as of his date of last insured. But, without noting Plaintiff's date of birth, the ALJ gave no indication that he was aware that Plaintiff was within six months of turning fifty-five. Thus, the decision does not provide this Court with a reasonable basis to conclude that the ALJ actually considered the borderline age issue. This distinguishes this case from *Lockwood*. *Cf. Riggs v. Berryhill*, No. 3:16-cv-01626-AC, 2018 WL 325236, at *8 (D. Or. Jan. 8, 2018) (affirming the ALJ because the ALJ identified the plaintiff's date of birth and his age and the plaintiff did not attempt to distinguish the case from *Lockwood*); *see also Zamora v. Astrue*, 853 F. Supp. 2d 1048, 1058 (D. Or. 2011) (ALJ was aware of the plaintiff's date of birth).

Moreover, I agree with the cases cited by Plaintiff indicating that the ALJ's single citation to § 404.1563 does not make clear if he intended to cite this section in regard to the borderline age issue or only for the definition of an individual "closely approaching advanced age." Tr. 28. As the Central District of California noted in a 2015 case, the borderline age issue is found in subsection (b) of the regulation but the definition of an individual closely approaching advanced age is found in subsection (d). *Parks v. Colvin*, No. CV 15-00623-RAO, 2015 WL 8769981, at *4 (C.D. Cal. Dec. 14, 2015). The *Parks* court noted that as in *Lockwood*, the ALJ in *Parks* had cited to § 404.1563. *Id.* (further citing *Lockwood*, 616 F.3d at 1072 n.3, for proposition that courts presume that ALJs know the law and apply it in their decision making). But, *Parks* explained, the citation to the regulation appeared immediately after the ALJ's finding that the plaintiff was a younger individual. *Id.* This made it unclear whether the ALJ cited the regulation "to signal consideration of the borderline age issue or for the definition of 'younger person' contained therein." *Id.* (citing *Durkee v. Astrue*, No. CV 11-6564, 2012 WL 3150587, at *7 (C.D. Cal. Aug. 2, 2012) (ALJ's reference only to § 404.1563 without noting subsection (b) which contains the borderline age language, made it unclear whether the ALJ considered the "borderline age situation")). The same problem occurs here. By citing to only § 404.1563 following the statement that Plaintiff was an individual "closely approaching advanced age," the ALJ did not make clear whether the regulation was cited only for the definition of "closely approaching advanced age" in subsection (d), or to satisfy the consideration requirement in subsection (b).

The ALJ's decision is not consistent with *Lockwood*. As a result, the case must be remanded for the ALJ to properly consider the borderline age issue.

CONCLUSION

The Commissioner's decision is reversed and remanded for additional proceedings.

IT IS SO ORDERED.

Dated this 31 day of January, 2019.

*Marco Hernandez*
Marco A. Hernandez
United States District Judge